UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SYLVESTER FAIR,

                           **Petitioner,**

      v.                                      5:00-CV-1919
                                              (FJS)
UNITED STATES OF AMERICA,           5:97-CR-243
                                              (Related criminal action)

                         **Respondent.**
_____

**APPEARANCES**                                  **OF COUNSEL**

**SYLVESTER FAIR**
**04437-052**
Allenwood FCI
P.O. Box 1000
White Deer, Pennsylvania 17887-1000
Petitioner *pro se*

**OFFICE OF THE UNITED**             **BRENDA SANNES, AUSA**
**STATES ATTORNEY**                   **JOHN G. DUNCAN, AUSA**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Respondent

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. BACKGROUND**

      On July 24, 1997, a federal grand jury sitting in the Northern District of New York returned an Indictment against Petitioner Sylvester Fair and another individual. *See United States v. Fair*, 5:97-CR-243 ("Action No. 97-CR-243"), at Dkt. No. 11 ("Indictment"). That Indictment charged Petitioner with conspiracy with intent to distribute cocaine base and

possession with intent to distribute "approximately 223 grams of a mixture or substance containing cocaine base." *See id.* On December 17, 1997, following a jury trial, Petitioner was convicted of both counts. Following this Court's denial of his post-trial motions, *see* Action No. 97-CR-243 at Dkt. Nos. 48, 60, Petitioner appeared before this Court for sentencing on April 6, 1999. At that proceeding, the Court imposed concurrent terms of twenty years' imprisonment on each of his two convictions. *See id.* at Dkt. No. 60.

Petitioner appealed that judgment of conviction on the grounds that (1) this Court improperly failed to suppress certain post-arrest statements that he made to law enforcement agents; (2) there was insufficient evidence adduced at trial to support his conviction on either count; (3) this Court's jury instructions failed to include required language regarding the credibility of accomplice testimony; and (4) the Government improperly secured the testimony of the co-Defendant named in the Indictment, who thereafter testified against him at trial. *See id.* at Dkt. No. 63. By Mandate filed February 18, 2000, the Second Circuit unanimously affirmed Petitioner's conviction. *See id.* at Dkt. No. 71.

On December 11, 2000, Petitioner filed a Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. *See* Action No. 00-CV-1919 at Dkt. No. 1 ("Motion to Vacate"). In that application, Petitioner alleged that (1) the jury improperly failed to determine the amount of cocaine base that he conspired to possess, *see* Motion to Vacate at Ground One; (2) his constitutional right to a jury trial was violated when the jury failed to render a verdict that specifically addressed the quantity of narcotics involved in the claimed conspiracy, *see id.* at Ground Two; (3) this Court improperly admitted his statement to law enforcement agents into evidence against him at trial, *see id.* at Ground Three; and (4) the Court illegally "sentenced

[him] outside the recommended guideline range," *see id.* at Ground Four. Respondent filed a memorandum of law in opposition to Petitioner's Motion to Vacate, *see* Action No. 00-CV-1919 at Dkt. No. 2; and Petitioner subsequently filed a traverse in further support of his Motion to Vacate, *see id.* at Dkt. No. 3.

In a Memorandum-Decision and Order issued on March 22, 2001, this Court denied Petitioner's Motion to Vacate in its entirety. *See id.* at Dkt. No. 4. Subsequently, by Order filed May 10, 2001, the Court denied Petitioner's application for a Certificate of Appealability relating to the denial of his Motion to Vacate. *See id.* at Dkt. No. 6. Petitioner thereafter attempted to appeal this Court's March 22, 2001 Memorandum-Decision and Order to the Second Circuit; however, by Mandate filed March 28, 2002, the Second Circuit denied his request for a Certificate of Appealability, finding that he had failed to make a "substantial showing of the denial of a constitutional right." *See id.* at Dkt. No. 15.[1] The Second Circuit, therefore, dismissed his appeal. *See id.*

On November 22, 2005, Petitioner filed an application to "reopen" his Motion to Vacate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See* Action No. 00-CV-1919 at

---

[1] Section 2253(c) of Title 28 of the United States Code provides, in pertinent part, that

> [u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> \* \* \* \* \* \* \* \* \* \*
>
> (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B).

Dkt. No. 16. By Order filed May 31, 2006, this Court denied that application. *See id.* at Dkt. No. 17 ("Rule 60(b) Order"). Petitioner now seeks reconsideration of that Order. *See id.* at Dkt. No. 18 ("Motion for Reconsideration"). Additionally, Petitioner seeks, for a second time, a Certificate of Appealability from this Court. *See id.* at Dkt. No. 19.

## II. DISCUSSION

**A.     Applicable standard**

A court may only grant a motion for reconsideration of a final order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

With this standard in mind, the Court will review the substance of Petitioner's motion.

**B.     Substance of Petitioner's motion for reconsideration**

In denying Petitioner's motion for reconsideration, this Court noted that Petitioner filed that application approximately four years and eight months after this Court's March 22, 2001 Memorandum-Decision and Order denying his Motion to Vacate and more than three and one-

half years after the Second Circuit dismissed Petitioner's appeal from that Order. *See* Rule 60(b) Order at 4-6.  Since the Federal Rule under which Petitioner made his application mandates that litigants make such motions "'within a reasonable time,'" *Ass'n for Retarded Citizens of Conn., Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995) (quoting Fed. R. Civ. P. 60(b)(5)), this Court denied Petitioner's application as untimely.  *See* Rule 60(b) Order at 5.  The Court additionally denied Petitioner's application based upon the Court's determination that, because the application did not attack the propriety of its March 22, 2001 Memorandum-Decision and Order, but rather issues pertaining to the related criminal matter, that submission might properly be considered a request to file a second or successive § 2255 petition that was improperly addressed to his Court rather than to the Second Circuit.  *See* Rule 60(b) Order at 6-9.

In seeking reconsideration of the Rule 60(b) Order, Petitioner argues that this Court wrongly found that his Rule 60(b) Motion was based upon a claimed defect in the underlying criminal action rather than the present civil action.  *See* Motion for Reconsideration at 1-2. Petitioner also notes that, in the Order denying his Rule 60(b) Motion, this Court cited to the Supreme Court's decision in *Jones v. United States*, 529 U.S. 848 (2000), rather than to *Jones v. United States*, 526 U.S. 227 (1999).  *See* Motion for Reconsideration at 2; *see also* Rule 60(b) Order at 5 n.2.[2]  Petitioner argues that, because this Court "may have inadvertently confused the two *Jones* cases, reconsideration is warranted . . . ."  *See* Motion for Reconsideration at 2. Furthermore, as to the timeliness of his Rule 60(b) Motion, Petitioner argues only that, in the event that this Court reaffirms its decision holding that his motion was untimely, the Court

---

[2] The Court notes that it only cited to the latter *Jones* case on one occasion – in footnote number 2 in its Rule 60(b) Order.  *See* Rule 60(b) Order at 5 n.2.

should deny his Rule 60(b) Motion without prejudice to Petitioner filing an application with the Second Circuit seeking a recall of the criminal mandate. *See* Motion for Reconsideration at 3.

With respect to Petitioner's argument concerning the Supreme Court's decisions in *Jones v. United States*, 529 U.S. 848 (2000), and *Jones v. United States*, 526 U.S. 227 (1999), the Court notes that, in discussing the timeliness of Petitioner's Rule 60(b) Motion, this Court indicated that Petitioner relied upon, among other things, the Supreme Court's decision in *Jones v. United States*, 529 U.S. 848 (2000), in support of his argument that the Court's March 22, 2001 Memorandum-Decision and Order was "defective." *See* Rule 60(b) Order at 5 n.2. Petitioner correctly notes that this Court should have cited to the case of *Jones v. United States*, 526 U.S. 227 (1999), rather than the more recent *Jones* case, in the above-referenced footnote in its Rule 60(b) Order. Since that clerical error warrants correction, this Court hereby directs that its Rule 60(b) Order be amended to reflect the appropriate citation, *Jones v. United States*, 526 U.S. 227 (1999), rather than *Jones v. United States*, 529 U.S. 848 (2000).

Nonetheless, this clerical error does not warrant reconsideration of the substance of that Order, which denied the relief that Petitioner requested. In this regard, the Court notes that it cited the more recent *Jones* case not for the legal principles discussed therein but rather to highlight the fact that, although the Supreme Court decided that case in 2000, Petitioner nevertheless waited until November 2005 to file his application to "reopen" his Motion to Vacate. *See* Rule 60(b) Order at 5-6 & n.2. The fact that Petitioner's Rule 60(b) Motion actually relied upon a case decided more than one year ***prior to*** the Jones case that this Court cited in its

Rule 60(b) Order[3] only further supports this Court's determination that Petitioner failed to file his Rule 60(b) Motion within a reasonable time. *See, e.g.,* Rule 60(b) Order at 5-6.  Thus, Petitioner is clearly not entitled to reconsideration of the Rule 60(b) Order because of the foregoing clerical error.

Next, Petitioner's renewed argument that his Rule 60(b) Motion was addressed to a claimed defect in the present civil action, rather than the underlying criminal action, *see* Reconsideration Motion at 1-2, is specious.  As this Court noted in its Order denying that request for relief:

> the only arguments that he asserts in support of his current application relate to the ***underlying criminal action***.  Specifically, Petitioner claims that, because the Government's requested jury instructions at his criminal trial, together with this Court's instructions to the jury relating to the issue of drug quantity at that trial, were critically flawed, he must be resentenced.  *See* [Action No. 00-CV-1919, at Dkt. No. 16] at pp. 3-5.  Thus, the core of Petitioner's Rule 60(b) motion attacks the propriety of events that occurred during the course of the underlying criminal proceeding.

*See* Rule 60(b) Order at 6.

Since Petitioner's Rule 60(b) Motion did not attack the propriety of this Court's March 22, 2001 Memorandum-Decision and Order, but rather the Court's jury instructions at his criminal trial, together with the sentence that this Court thereafter imposed on him, it is clear that this Court properly concluded that Petitioner's Rule 60(b) Motion was "'in actuality a § 2255 petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996.

---

[3] The Supreme Court decided the *Jones* case on which Petitioner actually relied in his Rule 60(b) Motion on March 24, 1999.  *See Jones*, 526 U.S. at 227.

. . .'" *See* Rule 60(b) Order at 7 (quotation and other citation omitted).[4] Thus, the Court concludes that this aspect of Petitioner's Motion for Reconsideration is without substance.

Finally, Petitioner's request that this Court modify its Rule 60(b) Order so that such Order is entered "without prejudice," thereby allowing Petitioner "to file a motion to recall the criminal mandate from the Court of Appeals," *see* Motion for Reconsideration at 3, is denied as unnecessary. Since circuit courts of appeals have an inherent power to recall their mandates, *see Bottone v. United States*, 350 F.3d 59, 62 (2d Cir. 2003) (citations omitted), this Court's denial of Petitioner's Rule 60(b) Motion with prejudice has no effect on the Second Circuit's power to recall its own mandate. Petitioner is free to file his request to recall the criminal mandate issued in the underlying criminal proceedings with the Second Circuit.

## C.     Request for Certificate of Appealability

As the Court noted in its earlier Order denying Petitioner's initial request for a Certificate of Appealability, a federal court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see also* Action No. 00-CV-1919 at Dkt. No. 6 at 2-3. As was the case with his earlier request for such a Certificate, Petitioner has failed to make such a showing herein or in any of his prior submissions to this Court. Therefore, the Court denies his renewed request for a Certificate of Appealability.

---

[4] To the extent Petitioner now argues that the Court's citation to *Jones*, 529 U.S. 848, constitutes "a defect in the collateral review process," *see* Motion for Reconsideration at 3-4, the Court's correction of that clerical error in the Order denying Petitioner's Rule 60(b) Motion cures any such "defect" in the collateral review process.

### III. CONCLUSION

After carefully reviewing the entire file in this matter, Petitioner's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that this Court's Order denying Petitioner's Rule 60(b) Motion is modified so that such Order's reference at page 5, footnote 2, to the case of *Jones v. United States*, 529 U.S. 848 (2000), is changed to reflect a citation to the case of *Jones v. United States*, 526 U.S. 227 (1999); and the Court further

**ORDERS** that Petitioner's motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that Petitioner's renewed application for a Certificate of Appealability is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

Dated:  August 30, 2006
        Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge